T.C. Memo. 2001-83

UNITED STATES TAX COURT

HAROUT AND MANIK GAPIKIA, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1882-00.                    Filed April 5, 2001.

Harout and Manik Gapikia, pro sese.

Patricia H. Delzotti, for respondent.

MEMORANDUM OPINION

DEAN, Special Trial Judge:  Respondent determined a
deficiency of $3,611 in petitioners' 1996 Federal income tax.
The issues for decision are:  (1) Whether petitioners are
entitled to deductions for job expenses claimed on Schedule A,
Itemized Deductions, beyond those allowed by respondent; and (2)
whether petitioners are entitled to deductions for business

expenses claimed on Schedule C, Profit or Loss From Business, beyond those allowed by respondent.

## Background

The stipulation of facts and the accompanying exhibits are incorporated herein by reference. Petitioners resided in Clifton, New Jersey, at the time the petition in this case was filed.

In 1996 petitioner Harout Gapikia (petitioner) was employed as a car salesman by Bob Ciasulli Auto Mall, Inc. and Hudson Toyota Inc. His combined wage income from these two employers was $62,415[1] in 1996. Petitioner also received $1,150 from Toyota Motor Sales USA, Inc. in 1996 for selling extra items, such as undercoating and alarm systems, to car buyers.

In addition, petitioner offered sales training programs to car dealerships and attempted to arrange for the export of cars to other countries. Petitioner, however, did not have any gross receipts from these activities.

Petitioners filed a joint 1040, U.S. Individual Income Tax Return, for their 1996 taxable year. Petitioners claimed the following job expenses on their Schedule A:

---

[1] All numbers have been rounded to the nearest dollar.

| | | |
|---|---:|---:|
| Uniforms and cleaning | | $1,212 |
| Form 2106, employee business expenses | | |
|     Vehicle expense | $4,151 | |
|     Parking, tolls, and transportation | 246 | |
|     Other business expenses | 1,592 | |
|     Meals and entertainment (50%) | 2,142 | 8,131 |
| Supplies | | 1,478 |
| Fees | | 390 |
| Legal and investment expenses | | 1,500 |
| Job search | | 2,070 |
| B/C | | 270 |
| Familiarization expenses | | 2,276 |
|     Total | | 17,327 |

Petitioners filed a Schedule C for petitioner's "auto sales" business reporting $1,150 of gross receipts or sales and a net loss of $7,237.  The Schedule C lists the following expenses:

| | |
|---|---:|
| Advertising and promotion | $600 |
| Car expenses | 3,107 |
| Legal and professional expenses | 100 |
| Office expenses | 850 |
| Supplies | 480 |
| Travel | 268 |
| Entertainment | 3,218 |
| Utilities | 1,373 |
|     Total | 9,996 |

The $1,150 reported as gross receipts or sales was the amount petitioner received as sales incentives from Toyota Motor Sales USA, Inc. for selling extra items to car buyers.

Respondent allowed petitioners' deductions for the following Schedule A job expenses:

| | |
|---|---|
| Business mileage | $1,158 |
| Cellular pager | 514 |
| Telephone | 113 |
| Printer and adding machine | 139 |
| Miscellaneous supplies | 86 |
| Meals and entertainment | 246 |
| Fees | 390 |
| Tolls | 246 |
| Total | 2,892 |

Respondent allowed petitioners' deductions for the following

Schedule C expenses:

| | |
|---|---|
| Business mileage | $24 |
| Legal and professional expenses | 100 |
| Office expenses | 5 |
| Supplies | 189 |
| Utilities | 13 |
| Total | 331 |

Respondent maintains that petitioners have failed to

establish that the expenses claimed on their 1996 return for

which deductions have been disallowed are ordinary and necessary

within the meaning of section 162(a) and have failed to

substantiate the expenses.[2]

## Discussion

Generally, a taxpayer may deduct all ordinary and necessary

expenses paid or incurred during the taxable year in carrying on

a trade or business.  See sec. 162(a).  No deduction is allowed

for personal, living, or family expenses.  See sec. 262.  Thus,

---

[2] Unless otherwise indicated, section references are to the
Internal Revenue Code in effect for the year in issue.

if an expenditure is motivated primarily by personal considerations, no deduction generally will be allowed. See Henry v. Commissioner, 36 T.C. 879, 884 (1961).

An individual may engage in the trade or business of rendering services as an employee. See O'Malley v. Commissioner, 91 T.C. 352, 363-364 (1988), affd. 972 F.2d 150 (7th Cir. 1992); Primuth v. Commissioner, 54 T.C. 374, 377 (1970). Consequently, an employee's business expenses may be deductible under section 162. See Johnson v. Commissioner, 115 T.C. 210, 217 (2000); O'Malley v. Commissioner, supra; Primuth v. Commissioner, supra at 377-378.

Deductions are strictly a matter of legislative grace, and a taxpayer must meet the specific statutory requirements for any deduction claimed. See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Taxpayers are required to maintain records sufficient to substantiate their claimed deductions. See sec. 6001; sec. 1.6001-1(a), Income Tax Regs. Under certain circumstances, if claimed deductions are not adequately substantiated, we may estimate them, provided we are convinced that the taxpayer has incurred such expenses and we have a basis upon which to make an estimate. See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).

Certain business deductions described in section 274, however, are subject to strict substantiation. No deduction is allowed with respect to: (1) Any traveling expense (including meals and lodging while away from home); (2) any item with respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation; (3) any expense for gifts; or (4) the use of any "listed property", as defined in section 280F(d)(4), unless certain elements are substantiated. See sec. 274(d). Passenger automobiles are listed property under section 280F(d)(4)(A)(i).

Petitioners presented no records at trial to substantiate any of the expenses at issue. Furthermore, they provided little testimony from which we could determine their entitlement to deductions for the expenses.

Petitioner testified that he took three sales-training courses in 1996 at his own expense; however, he did not provide any information as to the amount of his expense. With regard to the expenses petitioner claimed for uniforms and cleaning, petitioner testified that the expenses were for business suits he was required to wear to his job. The expense of uniforms is deductible under section 162(a) only if: (1) The uniforms are of a type specifically required as a condition of employment; (2) the uniforms are not adaptable to general usage as ordinary clothing; and (3) the uniforms are not so worn. See Yeomans v.

Commissioner, 30 T.C. 757, 767-769 (1958); Udoh v. Commissioner, T.C. Memo. 1999-174; Beckey v. Commissioner, T.C. Memo. 1994-514. Petitioner's testimony indicates that the articles of clothing claimed as expenses were adaptable to general use.  Therefore, petitioner's clothing expenses are personal expenses and are not deductible.

Petitioner testified that he was entitled to larger deductions for vehicle expenses related to business mileage than allowed by respondent.  Petitioners, however, presented no evidence other than a summary of the expenses claimed on their Schedules A and C.  Under section 274(d), the elements that must be substantiated to deduct business use of an automobile are: (1) The amount of the expenditure; (2) the mileage for each business use of the automobile and the total mileage for all use of the automobile during the taxable period; (3) the date of the business use; and (4) the business purpose of the use of the automobile.  See sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).  Petitioners failed to substantiate any of these elements at trial.

Although petitioners did not claim deductions for child care on their 1996 return or assert their entitlement to such deductions in their petition, petitioner raised this issue at trial.  Generally, we do not consider issues raised for the first time at trial.  See Vetco Inc. v. Commissioner, 95 T.C. 579, 589

(1990).  Even if petitioners had properly raised this issue,
petitioner's testimony was unclear, and no documentary evidence
was presented.  Thus, petitioners have not substantiated any
expense they may have incurred for child care.

Petitioner also presented argument at trial that expenses
related to his employment as a car salesman should be Schedule C
expenses rather than Schedule A expenses.  He argues that these
expenses should be deducted from his gross income in order to
arrive at his adjusted gross income.  We disagree.

Section 62, which defines adjusted gross income, lists the
deductions from gross income which are allowed for the purpose of
computing adjusted gross income.  Section 62(a)(1) states the
general rule that trade or business deductions are allowed for
the purpose of computing adjusted gross income "if such trade or
business does not consist of the performance of services by the
taxpayer as an employee".  Expenses of employment, if incurred by
performing artists or State or local government officials, or
under a reimbursement arrangement with the employer, are
deductible in computing the employee's adjusted gross income.
See sec. 62(a)(2).  Otherwise, employed individuals with
unreimbursed trade or business expenses of their employment must
itemize deductions for such expenses.  See secs. 161 and 162.
Under section 67 these itemized deductions are subject to a 2-
percent floor.

Petitioner acknowledges that his employers did not reimburse him for any expense he incurred related to his employment.  Thus, his employment-related expenses must be reported on Schedule A.

In their petition, petitioners alleged that respondent bears the burden of discrediting their claimed deductions.  Section 7491, effective for court proceedings arising in connection with examinations commencing after July 22, 1998, shifts the burden of proof to the Commissioner, under certain circumstances, where a taxpayer introduces credible evidence with respect to factual issues relevant to ascertaining the taxpayer's liability for tax.  See Internal Revenue Service Restructuring & Reform Act of 1998, Pub. L. 105-206, sec. 3001, 112 Stat. 685, 724.  Respondent argues that the examination of petitioner's 1996 income tax liability began on June 22, 1998.  Petitioners did not address this issue at trial.  Furthermore, petitioners have failed to present credible evidence with respect to the deductions at issue.

Accordingly, we uphold respondent's determinations.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.